UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON NED FIGUEIRA, deceased, by and through JUDITE CASTILLO,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SUTTER, et al.,<br><br>Defendants. | No. 2:15-cv-00500-KJM-AC<br><br>ORDER |

In a Second Amended Complaint, Judite Castillo alleges additional facts to support her claim that the defendants are liable for the suicide death of her son, Nelson Ned Figueira. Defendants move to dismiss. No opposition was filed, and the matter was submitted without hearing. The motion is granted in part without leave to amend and denied in part.

I.  FACTUAL ALLEGATIONS

The court's previous order describes in detail the facts alleged in the plaintiff's First Amended Complaint. Prev. Order, ECF No. 15 at 2–4. The court does not repeat them here. The Second Amended Complaint alleges the same facts and the same claims and includes the following allegations in addition:

/////

/////

(1) "While Figueira was in custody plaintiff and other family members contacted the jail and vocalized their concern about Figueira's mental health risk and risk of suicide."  Second Am. Compl. ¶ 19, ECF No. 17.

(2) "Following the arraignment, plaintiff and other family members contacted the jail and informed jail employees of decedent's distraught condition and expressed concern that he was at heightened risk of suicide."  *Id.* ¶ 20.

(3) "Defendants, Samson, Bidwell, and Garza were working at the Sutter County Jail on March 6, 2013."  *Id.* ¶ 21.

The court's previous order denied defendant's motion to dismiss as to defendant Brandwood for the first and fourth claims and granted plaintiff leave to amend as to the remaining claims and defendants.  Prev. Order at 15–16.  Plaintiff filed her Second Amended Complaint on November 20, 2015. ECF No. 17.  She now asserts four of the five claims from her prior complaint:

(1) Violation of Figueira's Fourteenth Amendment rights for deliberate indifference to serious medical needs under 42 U.S.C. § 1983, against defendants Brandwood, Parker, Samson, Bidwell, and Garza.  Second Am. Compl. at 8–10;

(2) Municipal liability under § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978), against defendant Sutter County, *id.* at 10–12;

(3) Supervisory liability under § 1983 against defendants Parker, Samson, Bidwell, and Garza, *id.* at 12–13; and

(4) Violation of her Fourteenth Amendment rights related to the loss of her parent-child relationship with Figueira, under § 1983, against all defendants, *id.* at 13.

Plaintiff declined to pursue previously pleaded claims against Yuba County and the Doe defendants.  The defendants moved to dismiss on December 4, 2015.  ECF No. 18.

The court first reviews the legal standard applicable to the defendants' motion, and then addresses the remaining claims.

II.   LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a

2

"cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes these factual allegations are true and draws reasonable inferences from them. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Evaluation under Rule 12(b)(6) is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

III. DISCUSSION

    A. Fourteenth Amendment: Deliberate Indifference to Serious Medical Needs

The court's previous order granted plaintiff leave to amend to allege facts to support the allegations against defendants Parker, Samson, Bidwell, and Garza. Prev. Order at 8. Plaintiff now alleges she and her family contacted jail staff after Figueira's arraignment to express their concern over his distraught state and heightened risk of suicide when Samson, Bidwell, and Garza were at work in the facility.

As to defendants Samson, Bidwell, and Garza, plaintiff's Second Amended Complaint pleads sufficient facts to state a plausible claim for relief. In *Clouthier v. County of Contra Costa*, as discussed in the court's prior order, Prev. Order at 5–8, a defendant staff member knew of the decedent's previously attempted suicide and heard reports that the decedent was "truly suicidal." 591 F.3d 1232, 1244 (9th Cir. 2010). Here, Samson, Bidwell, and Garza are now alleged to have known of Figueira's post-arraignment mental state. Combined with the alleged provisions of the jail's policy, which may reasonably be interpreted to require the reporting of "significantly disordered behavior," these allegations allow the court to "draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678

Plaintiff may proceed on this theory regardless of defendants' arguments that the newly alleged facts lack any nexus to Parker, Bidwell, Samson, or Garza and that plaintiff should have alleged specifically who contacted who at the jail. *See* Mot. at 5. At this stage, even relatively laconic complaints may survive. *See Twombly*, 550 U.S. at 555 (detailed factual allegations are unnecessary). Castillo need only allege facts that paint a plausible picture supporting recovery. *See Iqbal*, 556 U.S. at 678. The motion is denied as to defendants Samson, Bidwell, and Garza.

As to defendant Parker, however, plaintiff does not claim he was even at the jail when the decedent's family voiced their concerns. No factual allegations support a claim that Parker knew of Figueira's post-arraignment mental state. The motion must therefore be granted as to defendant Parker.

As a matter of course, district courts normally allow amendment, even without request. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Generally speaking, however, a district court may dismiss a claim without leave to amend if, among other reasons, amendment would cause undue delay or prejudice to the opposing party, or if amendment would be futile. *DCD Programs*, 833 F.2d at 186. Here, the court declines to allow further amendment because, despite the court's prior explanatory discussion, plaintiff has not alleged necessary additional facts with respect to defendant Parker. Allowing the plaintiff leave to amend for a third time would cause undue delay; there is no indication she will satisfy the same specific directive if given one more chance.

B. <u>Municipal Liability</u>

Plaintiff also has not alleged additional facts to establish that Sutter or Yuba Counties demonstrated acts of omissions that amounted to "deliberate indifference to a constitutional right." *Clouthier*, 591 F.3d at 1249 (quotation marks omitted); Prev. Order at 14. For the reasons stated in Section A above, the court grants the motion without leave to amend.

/////

/////

     C.     <u>Supervisory Liability</u>

Plaintiff has not alleged facts that would show defendants Parker, Samson, Bidwell, or Garza were aware of defendant Brandwood's actions and acquiesced to them. *See* Prev. Order at 9. Also for the reasons stated in Section A, the court grants the motion without leave to amend as to all remaining defendants.

     D.     <u>Loss of Parent-Child Relationship</u>

Plaintiff has alleged additional facts supporting an inference that defendants Samson, Bidwell, and Garza acted with deliberate indifference. For the reasons described above in Section A and in the court's previous order, *see* Prev. Order at 9–11, the motion is granted without leave to amend as to defendant Parker, but denied as to defendants Samson, Bidwell, and Garza.

IV.     <u>CONCLUSION</u>

The motion is granted as follows:

(1) The first claim is dismissed without leave to amend as to defendant Parker;

(2) The second claim is dismissed without leave to amend as to all defendants;

(3) The third claim is dismissed without leave to amend as to all defendants; and

(4) The fourth claim is dismissed without leave to amend as to defendant Parker.

In all other respects, the motion is denied. An answer shall be filed within twenty-one days of the date this order is filed.

This order resolves ECF No. 18.

IT IS SO ORDERED.

DATED: March 1, 2016.

                      UNITED STATES DISTRICT JUDGE

5